UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CIVIL ACTION

VERSUS                                      NO: 09-4396

DOROTHY D. MITCHELL                         SECTION: R(5)

**ORDER AND REASONS**

Before the Court is plaintiff the United States of America (the "government")'s motion for summary judgment. (*See* R. Doc. 8.) For the following reasons, the government's motion is GRANTED.

**I.    BACKGROUND**

The United States brought this action against defendant Dorothy Mitchell to recover on a defaulted promissory note issued pursuant to loan-guarantee programs under Title IV-B of the Higher Education Act of 1965. *See* 20 U.S.C. § 1087a, *et seq.*; 34 C.F.R. Part 682. The note was executed on September 23, 1989, and funds were disbursed on October 19, 1989. (R. Doc. 8, Ex.

1.) Mitchell allegedly defaulted on the entire $2,625 principal amount, which has accrued interest since October 19, 1989 at an annual rate of eight percent, or a daily rate of $0.57. (*Id.*) The government seeks judgment in the amount of outstanding principal, pre-judgment interest at the annual rate of eight percent, and post-judgment interest at the rate provided by 28 U.S.C. § 1961. Mitchell filed a *pro se* answer on September 8, 2009 asserting that she lacked sufficient information to respond to the allegations in the complaint. (See R. Doc. 5.) No affirmative defenses were asserted. (*Id.*) The government moved for summary judgment on September 28, 2009. (*See* R. Doc. 8.) The notice of hearing was set for October 14, 2009, making Mitchell's opposition due on October 6, 2009. *See* E.D.L.A. L.R. 7.5 ("Each party opposing a motion shall file . . . a memorandum of the reasons advanced in opposition to the motion . . . no later than the eighth calendar day prior to the noticed hearing date . . . ."). Mitchell has not opposed the government's motion.

## II. LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party."  *Delta*, 530 F.3d 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"  *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991).  The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."  *Id.* at 1265.

"Typically, suits on promissory notes provide fit grist for

3

the summary judgment mill." *Fed. Deposit Ins. Co. v. Cardinal Oilwell Servicing Co.*, Inc., 837 F.2d 1369, 1371 (5th Cir. 1988).

**III. DISCUSSION**

In a suit on a promissory note under Louisiana law, the creditor establishes its *prima facie* case by producing the note. *See United States v. Laurent*, Civ. A. No. 08-1566, 2009 WL 511250, at *1 (E.D. La. Feb. 27, 2009) (Vance, J.) (collecting authorities). "Once the note is introduced into evidence, the burden of proof shifts to the debtor to establish nonexistence, extinguishment, or variance in payment of the obligation." *Id.*

The Government has met its burden at summary judgment by submitting a certificate of Mitchell's indebtedness and a copy of her promissory note. (*See* R. Doc. 8-5.) The certificate of indebtedness was certified under penalty of perjury by a Loan Analyst at the United States Department of Education to be true and correct. (*Id.*) It declares that Mitchell's outstanding principal amount is $2,625.00. (*Id.*) It also declares that this principal amount accrues interest at an annual rate of eight percent, or a daily rate of $0.57. (*Id.*) Although the promissory note itself is not attached to a sworn declaration, its authenticity is not disputed, and the Court has no reason to doubt its authenticity. The promissory note was executed by Dorothy D. Mitchell in the principal amount of $2,625.00 (*Id.*)

4

The principal amount was disbursed on October 11, 1989 and began accruing interest on that date. (*Id.*)

To defeat summary judgment, Mitchell was required to "establish nonexistence, extinguishment, or variance in payment of the obligation," *Dugas, v. Modular Quarters, Inc.*, 561 So.2d 192, 200 (La. Ct. App. 1990), but she has not responded to the government's motion. Because she has not disputed the outstanding principal amount or the applicable interest rate, the Court GRANTS the government's motion for summary judgment in the amount of $2,625 in unpaid principal; pre-judgment interest at an annual rate of eight percent beginning October 19, 1989; and post-judgment interest at the rate provided by 28 U.S.C. § 1961.

## IV. CONCLUSION

For the reasons stated, the Court GRANTS the government's motion for summary judgment.

New Orleans, Louisiana, this 12th day of November, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE